## Merritt O. Hoover, Plaintiff in Error, v. Mrs. I. Buckman, Defendant in Error.

### Gen. No. 20,213.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and judgment here with finding of facts. Opinion filed June 17, 1915.

## Statement of the Case.

Action by Merritt O. Hoover, a physician, against Mrs. Ida Buckman to recover a balance of $153, for services rendered in the treatment of the defendant's eight-year-old child. Upon trial before the court a finding was entered against the plaintiff as to the amount claimed by him, and against the defendant as to her claim of set-off, and a judgment was entered in favor of the defendant for costs. The plaintiff sued out a writ of error.

It appeared, without contradiction, that the plaintiff was employed by the defendant to treat her child; that the child was suffering from tonsilitis; that after treating her for several days she was taken to a hospital, where an operation was performed on her tonsils; that the next day the defendant took the child home, and for three days thereafter she played around like other children; that during the night of the third day following the operation, the plaintiff was called to the defendant's house, and found the child suffering from a high fever, with symptoms of pneumonia; that a nurse was at once engaged, and the plaintiff called several times during the next day and the day following; that on the sixth day following the operation—being the third day of the fever—the plaintiff noticed symptoms of diphtheria; that he at once administered antitoxin, but the child did not improve; that the next day he

gave more antitoxin, and then told the defendant the child was suffering from diphtheria; that defendant called in a specialist; that a tube was inserted in the child's larynx and the next day the operation of tracheotomy was performed with the assistance of another physician called by the plaintiff; that two days later the child died; that the plaintiff rendered an itemized bill to defendant for his services, amounting to $183, and that defendant made no objection to the bill, but asked for time in which to pay it, and later paid on account of the same, in small amounts, the sum of $30, leaving a balance due the plaintiff of $153.

The plaintiff testified positively that the earlier symptoms of the child's ailment were those of pneumonia; that he examined the child's throat several times each day, but that there were no symptoms of diphtheria present until just before he administered the antitoxin. Two other physicians testified that the plaintiff's treatment was the usual and customary treatment in such cases, was "absolutely necessary" and was "the skillful thing to do under the circumstances." The defendant and her daughter testified that the plaintiff did not tell them that the child was suffering from diphtheria, but insisted that she did not have that disease, until the next day after the antitoxin was administered, and that he refused to permit them to call another physician. Their testimony was flatly contradicted by the plaintiff.

EARL J. WALKER, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. PHYSICIANS AND SURGEONS, § 21*—*when concealment of nature of malady not evidence of negligence or lack of skill.* That a physi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cian concealed from a parent the fact that a child had diphtheria, which resulted in death, does not tend to show lack of skill or reasonable care in his treatment.

2. PHYSICIANS AND SURGEONS, § 19*—*when death of patient does not create presumption of negligence or lack of skill.* The fact that a patient dies under the treatment of a physician does not raise a presumption of negligence or lack of skill on his part.

3. PHYSICIANS AND SURGEONS, § 22*—*when evidence not sufficient to show negligence or want of skill.* A physician cannot be held liable for the death of a patient under his treatment, where there is no evidence tending to show negligence or lack of skill on his part sufficient to overcome the prima facie case in his favor, made by evidence that the treatment adopted by him was usual and cus-tomary.